# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2023 12:27 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340,
Woodland Hills, CA 91367
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| SUMIN BAE, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>DELTA AIR LINES, INC.; and DOES 1-10, inclusive,<br><br>     Defendant. | Case No. 23STCV00779<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)   Violation of False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq.*);<br>(2)   Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*);<br>(3)   Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*)<br><br>**Jury Trial Demanded** |

1    Plaintiff SUMIN BAE ("Plaintiff"), individually and on behalf of all others similarly
2  situated, alleges as follows:

3                           **NATURE OF THE ACTION**

4    1.    Plaintiff brings this class action Complaint against Defendant DELTA AIR
5  LINES, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising their
6  Medallion rewards program and to obtain redress for a class of consumers ("Class Members")
7  who were misled, within the applicable statute of limitations period, by Defendant.

8    2.    Defendant advertised to consumers that a certain Medallion Status ("the Class
9  Products") would entitle them to various benefits, including but not limited to complimentary
10  upgrades to first-class on a priority basis.

11    3.    Such benefits are of particular value to consumers because they provide an
12  opportunity to upgrade a main cabin ticket to first class 72 hours prior to the flight's departure.

13    4.    Plaintiff and other consumers similarly situated were exposed to these
14  advertisements through print and digital media.

15    5.    Defendant misrepresented and falsely advertised and represented to Plaintiff and
16  others similarly situated by failing to disclose in its advertisements and marketing that the
17  complimentary upgrades were contingent on a host of other factors.

18    6.    Defendant's misrepresentations to Plaintiff and others similarly situated induced
19  them to purchase Defendant's Class Products.

20    7.    Defendant took advantage of Plaintiff and similarly situated consumers unfairly
21  and unlawfully.

22                        **JURISDICTION AND VENUE**

23    8.    This class action is brought pursuant to California Code of Civil Procedure § 382.
24  All causes of action in the instant complaint arise under California Statutes.

25    9.    This matter is properly venued in the Superior Court of the State of California
26  for the County of Los Angeles because a significant portion, if not all, of the events giving rise
27  to Plaintiff's claims happened within this County.

28

CLASS ACTION COMPLAINT

**THE PARTIES**

1

2      10.     Plaintiff SUMIN BAE is a resident of the State of California, County of Los

3   Angeles.

4      11.     Defendant DELTA AIR LINES, INC. is a corporation registered to conduct

5   business in the State California, including Los Angeles County, that is incorporated in Delaware

6   and headquartered in Atlanta, Georgia.

7      12.     Plaintiff alleges, on information and belief, that Defendant's marketing

8   campaign, as pertains to this matter, was created by Defendant and was disseminated throughout

9   California.

10      13.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant,

11   Defendant's sales of products and services are governed by the controlling law in the state in

12   which they do business and from which the sales of products and services, and the allegedly

13   unlawful acts occurred, which is California.

14      14.     Plaintiff is informed and believes, and thereon alleges, that each and all of the

15   acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its

16   employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other,

17   with legal authority to act on the other's behalf.  The acts of any and all of Defendant's

18   employees, agents, and/or third parties acting on its behalf, were in accordance with, and

19   represent, the official policy of Defendant.

20      15.     Plaintiff is informed and believes, and thereon alleges, that said Defendants are

21   in some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

22   occurrences, and transactions of each and all their employees, agents, and/or third parties acting

23   on their behalf, in proximately causing the damages herein alleged.

24      16.     At all relevant times, Defendant ratified each and every act or omission

25   complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions

26   as alleged herein.

27

28

CLASS ACTION COMPLAINT

**PLAINTIFF'S FACTS**

17.     During or about 2022, Plaintiff saw an advertisement for Defendant's Medallion Membership program.

18.     Defendant's advertisement represented that members would receive complimentary upgrades to first class based on Medallion Status.

19.     Plaintiff was interested in the program because of Defendant's representation that members could upgrade earlier and would be given priority for seating upgrades.

20.     Plaintiff further observed that Defendant's advertisement included a graph depicting how early a customer could upgrade depending on their Medallion status. The graph indicated that Gold Medallion Members could upgrade to first class 72 hours prior to their flight's departure time.

21.     Plaintiff applied for and received an American Express Delta Reserve credit card to start earning points toward Medallion status.

22.     Plaintiff proceeded to spend over $99,000 to achieve Gold Medallion status in reliance on the aforementioned representations, namely that he would receive complimentary upgrades to first class 72 hours prior to departure.

23.     After becoming a Gold Medallion Member, Plaintiff booked a flight for himself and his wife which was scheduled to depart for Raleigh, North Carolina on December 15, 2022.

24.     Three days before the flight departed, Plaintiff requested an upgrade to first class based on his Gold Medallion status.

25.     Defendant's representative told Plaintiff that there were no remaining slots for complimentary upgrades, despite the fact Plaintiff had observed seven open seat in first class.

26.     Defendant's representative stated that those seats were being held in the hopes that Defendant could sell them, and that complimentary upgrades would resume on the day of travel.

27.     Plaintiff felt deceived, because he had obtained Gold Medallion status for this exact purpose, only to be told by Defendant's representative that he could not upgrade 72 hours

1   prior to departure.

2       28.     Defendant does not inform consumers, including Plaintiff, that a complimentary

3   upgrade is not guaranteed 72 hours prior to departure even when seats are available. In short,

4   Plaintiff had no way of knowing that Defendant was misrepresenting the benefits associate with

5   Gold Medallion status.

6       29.     Defendant's knowledge of the fact that Plaintiff and similarly situated consumers

7   could not reap the benefits of the program is demonstrated by the fact that when Plaintiff

8   attempted to use his Gold Medallion Member benefits, Defendant's representative told him he

9   could not do so until the day of travel, directly contradicting Defendant's representation.

10      30.     Defendant omitted from its advertisements that consumers who achieve Gold

11  Medallion status will not necessarily obtain complimentary upgrades pursuant to the priority

12  and within the timeframe represented by Defendant.

13      31.     Plaintiff had no reasonable way of knowing that he would be denied a

14  complimentary upgrade by Defendant after making considerable effort to achieve Gold

15  Medallion status.

16      32.     Defendant was aware that Plaintiff could not have reasonably known of the

17  misrepresentations and omissions of material fact.

18      33.     Had Plaintiff known that Defendant would not honor what it promised, Plaintiff

19  would not have done business with Defendant. Rather, Plaintiff would have considered not

20  enrolling in the Medallion program or pursuing a rewards program offered by a competitor.

21      34.     Plaintiff was significantly upset by Defendant's refusal to honor his Gold

22  Medallion status as advertised.

23      35.     Such sales tactics employed by Defendant rely on falsities and have a tendency

24  to mislead and deceive a reasonable consumer.

25      36.     Plaintiff is informed, believes, and thereupon alleges that such representations

26  were part of a common scheme to mislead consumers and incentivize them to do business with

27  Defendant.

28

CLASS ACTION COMPLAINT

37.     Plaintiff reasonably believed and relied upon Defendant's representations in its advertisement.

38.     Plaintiff materially changed his position in reliance on Defendant's representations and was harmed thereby.

39.     Plaintiff would not have spent time and money to become a Gold Medallion Member had Defendant disclosed that it would not honor the benefits it represented the program as having.

40.     Had Defendant properly marketed, advertised, and represented that it would not honor the representations in its advertisements, Plaintiff would not have obtained a credit card to earn points toward the program nor booked his flights with Defendant.

41.     Defendant benefited from falsely advertising and representing its Medallion program. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

<strong>CLASS ACTION ALLEGATIONS</strong>

42.     Plaintiff brings this action on behalf of himself and all others similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

43.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations through the date of class certification, properly requested a complimentary upgrade based on Delta Medallion Status and were denied to be upgraded by Defendant.

44.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

45.     Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

46.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

47.     Upon information and belief, the proposed class is composed of thousands of

CLASS ACTION COMPLAINT

persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

48.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

49.    Rather, all claims in this matter arise from the identical, false, affirmative written statements that Defendant would provide complimentary upgrades to the Class Members, when in fact, such representations were false.

50.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in advertising Medallion Status benefits to Plaintiff and other Class Members with no intention of honoring them;

(b)    Whether Defendant made misrepresentations with respect to its Medallion program;

(c)    Whether Defendant profited from its advertisement of the Medallion program;

(d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and/or California Civ. Code § 1750, *et seq.*;

(e)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)    The method of calculation and extent of damages for Plaintiff and Class Members.

51.    Plaintiff is a member of the class he seeks to represent.

52.    The claims of Plaintiff are not only typical of all class members, they are

CLASS ACTION COMPLAINT

1   identical.

2       53.    All claims of Plaintiff and the class are based on the exact same legal theories.

3       54.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

4       55.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of

5   each Class Member, because Plaintiff was induced by Defendant's advertisement during the

6   Class Period.   Defendant's unlawful, unfair and/or fraudulent actions concerns the same

7   business practices described herein irrespective of where they occurred or were experienced.

8   Plaintiff's claims are typical of all Class Members as demonstrated herein.

9       56.    Plaintiff will thoroughly and adequately protect the interests of the class, having

10   retained qualified and competent legal counsel to represent himself and the class.

11       57.    Common questions will predominate, and there will be no unusual manageability

12   issues.

13   **FIRST CAUSE OF ACTION**

14   **Violation of the California False Advertising Act**

15   **(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

16       58.    Plaintiff incorporates by reference each allegation set forth above.

17       59.    Pursuant to California Business and Professions Code § 17500, *et seq.*, it is

18   unlawful to engage in advertising "which is untrue or misleading, and which is known, or which

19   by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make

20   or disseminate or cause to be so made or disseminated any such statement as part of a plan or

21   scheme with the intent not to sell that personal property or those services, professional or

22   otherwise, so advertised at the price stated therein, or as so advertised."

23       60.    California Business and Professions Code § 17500, *et seq.*'s prohibition against

24   false advertising extends to the use of false or misleading written statements.

25       61.    Defendant misled consumers by making misrepresentations and untrue

26   statements about its Medallion program, namely, Defendant made consumers believe that

27   Defendant would honor the representations for the Class Products listed in its advertisement

28

CLASS ACTION COMPLAINT

1    even though this was not the case.

2         62.    Defendant knew that its representations and omissions were untrue and

3    misleading, and deliberately made the aforementioned representations and omissions in order

4    to deceive reasonable consumers like Plaintiff and other Class Members.

5         63.    As a direct and proximate result of Defendant's misleading and false advertising,

6    Plaintiff and the other Class Members have suffered injury in fact.  Plaintiff reasonably relied

7    upon Defendant's representations regarding the benefits for Defendant's products.   In

8    reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members

9    purchased Class Products from Defendant believing that doing so would entitle them to free

10   upgrades according to the terms of the advertisement, and that Defendant would honor the

11   terms. However, Defendant did not inform Class Members that they were not actually eligible

12   for the upgrades that Defendant promises to honor, and that Defendant will therefore refuse to

13   offer said upgrades until the day of departure.

14        64.    Plaintiff alleges that these false and misleading written representations made by

15   Defendant constitute a "scheme with the intent not to sell that personal property or those

16   services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

17        65.    Defendant advertised to Plaintiff and other putative class members, through

18   written representations and omissions made by Defendant and its employees.

19        66.    Defendant knew that they would not provide Plaintiff and Class Members with

20   the benefits as they are advertised.

21        67.    Thus, Defendant knowingly lied to Plaintiff and other putative class members in

22   order to induce them to purchase the Class Products from Defendant.

23        68.    The misleading and false advertising described herein presents a continuing

24   threat to Plaintiff and the Class Members in that Defendant persist and continue to engage in

25   these practices, and will not cease doing so unless and until forced to do so by this Court.

26   Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or

27   restrained.   Plaintiff is entitled to preliminary and permanent injunctive relief ordering

28

CLASS ACTION COMPLAINT

Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members of Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Certification of this matter as a class action and appointment of Plaintiff as class representative and his attorneys as class counsel;
B.   Actual damages;
C.   Statutory damages for willful and negligent violations;
D.   Costs and reasonable attorney's fees; and
E.   For such other and further relief as may be just and proper.

### SECOND CAUSE OF ACTION

### Violation of Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

69.   Plaintiff incorporates by reference each allegation set forth above.

70.   Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury.  It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.   Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

71.   California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is

immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

72.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and (3) is not one that consumers themselves could reasonably have avoided.

73.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to mislead consumers. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

74.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class that Defendant would provide them with complimentary upgrades upon purchasing Defendant's Class Products.  In fact, Defendant knew that they had no intention of providing the represented benefits and thus unfairly profited.  Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

75.     Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.  After Defendant falsely represented the Medallion program, consumers changed their position by purchasing the Class Products, thus causing them to suffer injury in fact.  Defendant failed to take reasonable steps to inform Plaintiff and Class Members that the advertisement was false.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

76.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

77.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."   In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

78.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.   Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

79.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.   Such deception is evidenced by the fact that Defendant did not provide Plaintiff with the benefits of the Gold Medallion program as advertised by Defendant.   Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers between Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

80.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the nature of its Medallion program benefits.

81.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

82.     California Business and Professions Code § 17200, *et seq.* prohibits "any unlawful…business act or practice."

83.     As explained above, Defendant deceived Plaintiff and other Class Members by falsely representing its Medallion program.

84.     Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase Class Products from Defendant, in violation of California Business and Professions Code § 17500, *et seq.*  Had Defendant not falsely advertised, marketed, or misrepresented the Class Products, Plaintiff and Class Members would not have purchased them from Defendant. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

85.     These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code § 17200, *et seq*.

86.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code § 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.     Certification of this claim as a class action and appointment of Plaintiff as class representative and his attorneys as class counsel;
B.     Actual damages;
C.     Statutory damages;
D.     Costs and reasonable attorney's fees; and
E.     For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

## Violation of Consumer Legal Remedies Act

## (Cal. Civ. Code § 1750, *et seq.*)

87.     Plaintiff incorporates by reference each allegation set forth above.

88.     Defendant's actions as detailed above constitute multiple violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a) to the extent that Defendant violated the following provisions of the CLRA:

a.   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. Cal. Civ. Code § 1770(a)(5);

b.   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code § 1770(a)(7);

c.   Advertising goods or services with intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(9);

d.   Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. Cal. Civ. Code § 1770(a)(14); and

e.   Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Cal. Civ. Code § 1770(a)(16).

89.   On or about January 10, 2023, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant. This letter is attached hereto as Exhibit A.

90.   The venue affidavit required by Cal. Civ. Code § 1780(d) is attached as Exhibit B to this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.   Injunctive relief for Defendant's violations of the CLRA as alleged herein.

///

///

**REQUEST FOR JURY TRIAL**

91.    Plaintiff requests a trial by jury as to all claims so triable.

Dated:  January 13, 2023                    Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By:    _____

Todd M. Friedman, Esq.

Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

# Law Offices of Todd M. Friedman, P.C.

**Attorneys for Consumers**
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
323-306-4234 Phone
866-633-0228 Facsimile
California Office
www.toddflaw.com

E-mail: tfriedman@toddflaw.com

Writer licensed in:
California
Pennsylvania
Illinois

**January 13, 2023**

**Via Certified U.S. Mail**
**Delta Air Lines, Inc.**
**Attn: Legal Dept.**
**1030 Delta Blvd., Dept. 982**
**Atlanta, GA 30354**

**Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152 and**
**Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§ 1782(a)(2)**

**Re:** *Sumin Bae*

To Whom It May Concern:

Please be advised that our office represents Sumin Bae ("Plaintiff"), and other similarly situated individuals, in pursuing class action wide legal claims against Delta Air Lines, Inc. ("Defendant") for violations of the Consumer Legal Remedies Act ("CLRA"), California Business & Professions Code § 17200 ("UCL"), and California Business & Professions Code § 17500 ("FAL").

Having been formally notified of our representation, we respectfully demand you not contact our clients for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

1

**Facts**

During or about 2022, Plaintiff saw an advertisement for Defendant's Medallion program, which provides customers with first-class upgrades depending on the customer's Medallion status. Plaintiff was interested in the program because the advertisement stated that Medallion Members could upgrade earlier and would be given priority for seating upgrades. Plaintiff further observed that the advertisement included a graph depicting how early a customer could upgrade depending on their Medallion status. For instance, Gold Medallion Members could upgrade to first-class up to 72 hours prior to departure time. Plaintiff was interested in these benefits and obtained an American Express Delta Reserve credit card to start earning points toward his medallion status. Plaintiff proceeded to spend over $99,000 to achieve Gold Medallion status.

After Plaintiff became a Gold Medallion Member, he booked a flight to Raleigh, North Carolina for himself and his wife departing on December 15, 2022. Three days before the flight, Plaintiff observed that seven first-class seats remained open. Plaintiff requested to be upgraded to first class based on his Gold Medallion status. Defendant's representative told Plaintiff that there were no remaining slots for complimentary upgrades. Defendant's representative acknowledged that there were still open seats, but those seats were being held to be sold. Plaintiff was confused by this, as he had obtained Gold Medallion status for this exact reason only to be told that he could not actually upgrade 72 hours prior to departure.

Defendant's representative then told Plaintiff that he could not be upgraded because Defendant had limited slots for complimentary upgrades and "cannot afford to provide free upgrades for all of our members." Plaintiff was unaware of that caveat at the time he decided to pursue the Gold Medallion status and he did not observe any disclaimer or qualifying language in Defendant's advertisement. Plaintiff spent a considerable amount of money obtaining what he believed to be a worthwhile benefit, when in fact the benefit was far less valuable than represented.

Plaintiff has been harmed as an actual and proximate result of Defendant's omissions and deception, and he therefore requests recompense as stated in this letter.

**CLRA (Cal. Civ. Code § 1750 *et seq.*) Violations**

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. Cal. Civ. Code § 1770(a)(5);

2. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code § 1770(a)(7);

3. Advertising goods or services with intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(9);

4. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. Cal. Civ. Code § 1770(a)(14);

5. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Cal. Civ. Code § 1770(a)(16).

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages, civil penalties, and reasonably attorney's fees and costs. Cal. Civ. Code §§ 1780, *et seq*.

By engaging in the conduct detailed above, Defendant violated Sections 1770(a)(5), (7), (9), (14), and (16) of the CLRA, thereby entitling Plaintiff to attorney's fees and costs, and actual and punitive damages.

## Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)

The Unfair Competition Law, Cal. Bus. & Prof. C. § 17200 prohibits unlawful, unfair or fraudulent business acts or practices. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. Cal. Bus. & Prof. Code § 4381(b)-(c).

Defendant engaged in fraudulent, unfair and unlawful business practices through its conduct and violated the UCL. As detailed above, Defendant made representations and omitted material facts to Plaintiff, and this amounts to fraudulent and unfair business practices. Further, as noted above, Defendant violated the CLRA, thus engaging in unlawful business practices. Defendant's conduct, as detailed above, violates numerous provisions of the CLRA; consequently, said conduct constitutes unlawful business practices. Defendant's conduct entitles Plaintiff to restitution and injunctive relief.

## False Advertising Law (Cal. Bus. & Prof. Code § 17500)

The False Advertising Law, Cal. Bus. & Prof. C. § 17500 prohibits engaging in advertising "which is untrue or misleading, and which is known, or which by exercise of reasonable care should be known, to be untrue or misleading." Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. Cal. Bus. & Prof. Code § 4381(b)-(c).

As detailed above, Defendant engaged in untrue and misleading advertising that violated the FAL. Defendant made and advertised misrepresentations as to the nature of its services that it had no intention of honoring. Defendant's conduct entitles Plaintiffs to restitution and injunctive relief.

**<u>Class Potential</u>**

At this stage, Defendant's fraudulent and deceptive business practices, and violations of California law, have impacted thousands of consumers throughout the state of California and/or the nation. Thus, we anticipate either a state and/or nation-wide class of thousands of consumers whom Sumin Bae will more than adequately represent. The conduct detailed above is systematic in nature. Thus, certifying a class will be very straightforward. Upon certifying a class, we will seek not only actual damages, but punitive damages and statutory damages, in addition to attorney's fees and costs. Defendant is facing seven-figure liability, at the very least.

Best regards,

Todd M. Friedman, Esq.
Attorney at Law

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

CLASS ACTION COMPLAINT

DocuSign Envelope ID: A16A0AB3-40CE-42A5-8715-07B418469C75

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| SUMIN BAE, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>DELTA AIR LINES, INC; and DOES 1-10 inclusive,<br><br>    Defendant. | Case No.:<br><br>**PLAINTIFF'S AFFIDAVIT OF VENUE PURSUANT TO CONSUMER LEGAL REMEDIES ACT** |

I, SUMIN BAE, declare and state as follows:

1. I am the plaintiff in this matter, and specifically have brought a claim for Violations of the Consumer Legal Remedies Act.

2. The defendant to this cause of action, DELTA AIRLINES INC.; ("Defendant"), was doing business in Los Angeles County California, namely, by offering a credit card points based membership program representing that members could upgrade to first class 72 hours prior to their flight's departure time.

3. The transaction which are the subject of the cause of action as set forth in the Complaint, occurred in Los Angeles County.

- 1

**PLAINTIFF'S AFFIDAVIT OF VENUE**

4.   I am a citizen and resident of the State of California, Los Angeles County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____, at Los Angeles, California.
                          1/13/2023
                              Date

_____
SUMIN BAE

- 2

**PLAINTIFF'S AFFIDAVIT OF VENUE**



**null / ALL**
**Transmittal Number: 26246885**
**Date Processed: 01/20/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Shannon Shaw<br>Delta Air Lines, Inc<br>1030 Delta Blvd<br>Dept 982<br>Atlanta, GA 30354-1989 |
| **Electronic copy provided to:** | Meg Taylor<br>Victor Ector<br>Komal Patel<br>Andre Lecour<br>Laura Dieudonne |

| | |
|---|---|
| **Entity:** | Delta Air Lines, Inc.<br>Entity ID Number  2078129 |
| **Entity Served:** | Delta Air Lines, Inc. |
| **Title of Action:** | Sumin Bae vs. Delta Air Lines, Inc. |
| **Matter Name/ID:** | Sumin Bae vs. Delta Air Lines, Inc. (13506457) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 23STCV00779 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/20/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Law Offices of Todd M. Friedman, P.C.<br>323-306-4234 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2023 12:27 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

23STCV00779

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr>
<td>
<b>NOTICE TO DEFENDANT:</b><br>
<i>(AVISO AL DEMANDADO):</i><br><br>
Delta Air Lines, Inc.; and DOES 1-10, inclusive<br><br><br>
<b>YOU ARE BEING SUED BY PLAINTIFF:</b><br>
<i>(LO ESTÁ DEMANDANDO EL DEMANDANTE):</i><br><br>
Sumin Bae, individually, and on behalf of all others similarly situated
</td>
<td>
<b>FOR COURT USE ONLY</b><br>
<i>(SOLO PARA USO DE LA CORTE)</i>
</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>
The name and address of the court is:<br>
<i>(El nombre y dirección de la corte es):</i> Stanley Mosk Courthouse<br><br>
111 N. Hill Street<br>
Los Angeles, CA 90012
</td>
<td>
CASE NUMBER:<br>
<i>(Número del Caso):</i><br><br>
23STCV00779
</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, 21031 Ventura Blvd., Ste. 340 Woodland Hills, CA 91364, 323-306-4234

| | | |
|---|---|---|
| DATE: 01/13/2023 | David W. Slayton, Executive Officer/Clerk of Court | , Deputy |
| *(Fecha)* | Clerk, by      G. Carini | |
| | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Delta Air Lines, Inc.**

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>
www.courtinfo.ca.gov<br><br>
American LegalNet, Inc.<br>
www.FormsWorkflow.com

23STCV00779

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Highberger

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2023 12:27 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340,
Woodland Hills, CA 91367
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## UNLIMITED JURISDICTION

| | |
|---|---|
| SUMIN BAE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC.; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 23STCV00779<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq.*);<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*);<br>(3) Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*)<br><br>**Jury Trial Demanded** |

CLASS ACTION COMPLAINT

Plaintiff SUMIN BAE ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this class action Complaint against Defendant DELTA AIR LINES, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising their Medallion rewards program and to obtain redress for a class of consumers ("Class Members") who were misled, within the applicable statute of limitations period, by Defendant.

2.      Defendant advertised to consumers that a certain Medallion Status ("the Class Products") would entitle them to various benefits, including but not limited to complimentary upgrades to first-class on a priority basis.

3.      Such benefits are of particular value to consumers because they provide an opportunity to upgrade a main cabin ticket to first class 72 hours prior to the flight's departure.

4.      Plaintiff and other consumers similarly situated were exposed to these advertisements through print and digital media.

5.      Defendant misrepresented and falsely advertised and represented to Plaintiff and others similarly situated by failing to disclose in its advertisements and marketing that the complimentary upgrades were contingent on a host of other factors.

6.      Defendant's misrepresentations to Plaintiff and others similarly situated induced them to purchase Defendant's Class Products.

7.      Defendant took advantage of Plaintiff and similarly situated consumers unfairly and unlawfully.

## JURISDICTION AND VENUE

8.      This class action is brought pursuant to California Code of Civil Procedure § 382. All causes of action in the instant complaint arise under California Statutes.

9.      This matter is properly venued in the Superior Court of the State of California for the County of Los Angeles because a significant portion, if not all, of the events giving rise to Plaintiff's claims happened within this County.

CLASS ACTION COMPLAINT

**THE PARTIES**

10.     Plaintiff SUMIN BAE is a resident of the State of California, County of Los Angeles.

11.     Defendant DELTA AIR LINES, INC. is a corporation registered to conduct business in the State California, including Los Angeles County, that is incorporated in Delaware and headquartered in Atlanta, Georgia.

12.     Plaintiff alleges, on information and belief, that Defendant's marketing campaign, as pertains to this matter, was created by Defendant and was disseminated throughout California.

13.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales of products and services, and the allegedly unlawful acts occurred, which is California.

14.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.   The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

15.     Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

16.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

CLASS ACTION COMPLAINT

**PLAINTIFF'S FACTS**

17.    During or about 2022, Plaintiff saw an advertisement for Defendant's Medallion Membership program.

18.    Defendant's advertisement represented that members would receive complimentary upgrades to first class based on Medallion Status.

19.    Plaintiff was interested in the program because of Defendant's representation that members could upgrade earlier and would be given priority for seating upgrades.

20.    Plaintiff further observed that Defendant's advertisement included a graph depicting how early a customer could upgrade depending on their Medallion status. The graph indicated that Gold Medallion Members could upgrade to first class 72 hours prior to their flight's departure time.

21.    Plaintiff applied for and received an American Express Delta Reserve credit card to start earning points toward Medallion status.

22.    Plaintiff proceeded to spend over $99,000 to achieve Gold Medallion status in reliance on the aforementioned representations, namely that he would receive complimentary upgrades to first class 72 hours prior to departure.

23.    After becoming a Gold Medallion Member, Plaintiff booked a flight for himself and his wife which was scheduled to depart for Raleigh, North Carolina on December 15, 2022.

24.    Three days before the flight departed, Plaintiff requested an upgrade to first class based on his Gold Medallion status.

25.    Defendant's representative told Plaintiff that there were no remaining slots for complimentary upgrades, despite the fact Plaintiff had observed seven open seat in first class.

26.    Defendant's representative stated that those seats were being held in the hopes that Defendant could sell them, and that complimentary upgrades would resume on the day of travel.

27.    Plaintiff felt deceived, because he had obtained Gold Medallion status for this exact purpose, only to be told by Defendant's representative that he could not upgrade 72 hours

CLASS ACTION COMPLAINT

1    prior to departure.

2        28.    Defendant does not inform consumers, including Plaintiff, that a complimentary

3    upgrade is not guaranteed 72 hours prior to departure even when seats are available. In short,

4    Plaintiff had no way of knowing that Defendant was misrepresenting the benefits associate with

5    Gold Medallion status.

6        29.    Defendant's knowledge of the fact that Plaintiff and similarly situated consumers

7    could not reap the benefits of the program is demonstrated by the fact that when Plaintiff

8    attempted to use his Gold Medallion Member benefits, Defendant's representative told him he

9    could not do so until the day of travel, directly contradicting Defendant's representation.

10       30.    Defendant omitted from its advertisements that consumers who achieve Gold

11   Medallion status will not necessarily obtain complimentary upgrades pursuant to the priority

12   and within the timeframe represented by Defendant.

13       31.    Plaintiff had no reasonable way of knowing that he would be denied a

14   complimentary upgrade by Defendant after making considerable effort to achieve Gold

15   Medallion status.

16       32.    Defendant was aware that Plaintiff could not have reasonably known of the

17   misrepresentations and omissions of material fact.

18       33.    Had Plaintiff known that Defendant would not honor what it promised, Plaintiff

19   would not have done business with Defendant. Rather, Plaintiff would have considered not

20   enrolling in the Medallion program or pursuing a rewards program offered by a competitor.

21       34.    Plaintiff was significantly upset by Defendant's refusal to honor his Gold

22   Medallion status as advertised.

23       35.    Such sales tactics employed by Defendant rely on falsities and have a tendency

24   to mislead and deceive a reasonable consumer.

25       36.    Plaintiff is informed, believes, and thereupon alleges that such representations

26   were part of a common scheme to mislead consumers and incentivize them to do business with

27   Defendant.

28

CLASS ACTION COMPLAINT

37.     Plaintiff reasonably believed and relied upon Defendant's representations in its advertisement.

38.     Plaintiff materially changed his position in reliance on Defendant's representations and was harmed thereby.

39.     Plaintiff would not have spent time and money to become a Gold Medallion Member had Defendant disclosed that it would not honor the benefits it represented the program as having.

40.     Had Defendant properly marketed, advertised, and represented that it would not honor the representations in its advertisements, Plaintiff would not have obtained a credit card to earn points toward the program nor booked his flights with Defendant.

41.     Defendant benefited from falsely advertising and representing its Medallion program. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action on behalf of himself and all others similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

43.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations through the date of class certification, properly requested a complimentary upgrade based on Delta Medallion Status and were denied to be upgraded by Defendant.

44.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

45.     Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

46.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

47.     Upon information and belief, the proposed class is composed of thousands of

1   persons.  The members of the class are so numerous that joinder of all members would be
2   unfeasible and impractical.

3       48.     No violations alleged in this complaint are contingent on any individualized
4   interaction of any kind between class members and Defendant.

5       49.     Rather, all claims in this matter arise from the identical, false, affirmative written
6   statements that Defendant would provide complimentary upgrades to the Class Members, when
7   in fact, such representations were false.

8       50.     There are common questions of law and fact as to the Class Members that
9   predominate over questions affecting only individual members, including but not limited to:

10          (a)   Whether Defendant engaged in unlawful, unfair, or deceptive business
11                practices in advertising Medallion Status benefits to Plaintiff and other
12                Class Members with no intention of honoring them;

13          (b)   Whether Defendant made misrepresentations with respect to its
14                Medallion program;

15          (c)   Whether Defendant profited from its advertisement of the Medallion
16                program;

17          (d)   Whether Defendant violated California Bus. & Prof. Code § 17200, *et*
18                *seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and/or California Civ.
19                Code § 1750, *et seq.*;

20          (e)   Whether Plaintiff and Class Members are entitled to equitable and/or
21                injunctive relief;

22          (f)   Whether Defendant's unlawful, unfair, and/or deceptive practices harmed
23                Plaintiff and Class Members; and

24          (g)   The method of calculation and extent of damages for Plaintiff and Class
25                Members.

26      51.     Plaintiff is a member of the class he seeks to represent.

27      52.     The claims of Plaintiff are not only typical of all class members, they are

28

1   identical.

2       53.    All claims of Plaintiff and the class are based on the exact same legal theories.

3       54.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

4       55.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff was induced by Defendant's advertisement during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

9       56.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

11      57.    Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

16      58.    Plaintiff incorporates by reference each allegation set forth above.

17      59.    Pursuant to California Business and Professions Code § 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

23      60.    California Business and Professions Code § 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

25      61.    Defendant misled consumers by making misrepresentations and untrue statements about its Medallion program, namely, Defendant made consumers believe that Defendant would honor the representations for the Class Products listed in its advertisement

1    even though this was not the case.

2          62.    Defendant knew that its representations and omissions were untrue and

3    misleading, and deliberately made the aforementioned representations and omissions in order

4    to deceive reasonable consumers like Plaintiff and other Class Members.

5          63.    As a direct and proximate result of Defendant's misleading and false advertising,

6    Plaintiff and the other Class Members have suffered injury in fact.  Plaintiff reasonably relied

7    upon Defendant's representations regarding the benefits for Defendant's products.   In

8    reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members

9    purchased Class Products from Defendant believing that doing so would entitle them to free

10   upgrades according to the terms of the advertisement, and that Defendant would honor the

11   terms. However, Defendant did not inform Class Members that they were not actually eligible

12   for the upgrades that Defendant promises to honor, and that Defendant will therefore refuse to

13   offer said upgrades until the day of departure.

14         64.    Plaintiff alleges that these false and misleading written representations made by

15   Defendant constitute a "scheme with the intent not to sell that personal property or those

16   services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

17         65.    Defendant advertised to Plaintiff and other putative class members, through

18   written representations and omissions made by Defendant and its employees.

19         66.    Defendant knew that they would not provide Plaintiff and Class Members with

20   the benefits as they are advertised.

21         67.    Thus, Defendant knowingly lied to Plaintiff and other putative class members in

22   order to induce them to purchase the Class Products from Defendant.

23         68.    The misleading and false advertising described herein presents a continuing

24   threat to Plaintiff and the Class Members in that Defendant persist and continue to engage in

25   these practices, and will not cease doing so unless and until forced to do so by this Court.

26   Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or

27   restrained.   Plaintiff is entitled to preliminary and permanent injunctive relief ordering

28

1    Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff

2    and all Class Members of Defendant's revenues associated with their false advertising, or such

3    portion of those revenues as the Court may find equitable.

4                                    **PRAYER FOR RELIEF**

5        WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant

6    for the following:

7        A.    Certification of this matter as a class action and appointment of Plaintiff as
8              class representative and his attorneys as class counsel;
         B.    Actual damages;
9        C.    Statutory damages for willful and negligent violations;
         D.    Costs and reasonable attorney's fees; and
10       E.    For such other and further relief as may be just and proper.

11                              **SECOND CAUSE OF ACTION**

12                        **Violation of Unfair Competition Law**

13                    **(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

14       69.    Plaintiff incorporates by reference each allegation set forth above.

15       70.    Actions for relief under the unfair competition law may be based on any business

16   act or practice that is within the broad definition of the UCL. Such violations of the UCL occur

17   as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required

18   to provide evidence of a causal connection between a defendant's business practices and the

19   alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause

20   substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct

21   created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of

22   unfair competition covers any single act of misconduct, as well as ongoing misconduct.

23                                          **UNFAIR**

24       71.    California Business & Professions Code § 17200 prohibits any "unfair ...

25   business act or practice." Defendant's acts, omissions, misrepresentations, and practices as

26   alleged herein also constitute "unfair" business acts and practices within the meaning of the

27   UCL in that its conduct is substantially injurious to consumers, offends public policy, and is

28

immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

72. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and (3) is not one that consumers themselves could reasonably have avoided.

73. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to mislead consumers. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

74. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that Defendant would provide them with complimentary upgrades upon purchasing Defendant's Class Products. In fact, Defendant knew that they had no intention of providing the represented benefits and thus unfairly profited. Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

75. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the Medallion program, consumers changed their position by purchasing the Class Products, thus causing them to suffer injury in fact. Defendant failed to take reasonable steps to inform Plaintiff and Class Members that the advertisement was false. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

CLASS ACTION COMPLAINT

76.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

77.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

78.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

79.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Defendant did not provide Plaintiff with the benefits of the Gold Medallion program as advertised by Defendant.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers between Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

80.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the nature of its Medallion program benefits.

81.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

82.     California Business and Professions Code § 17200, *et seq.* prohibits "any unlawful...business act or practice."

83.     As explained above, Defendant deceived Plaintiff and other Class Members by falsely representing its Medallion program.

84.     Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase Class Products from Defendant, in violation of California Business and Professions Code § 17500, *et seq.* Had Defendant not falsely advertised, marketed, or misrepresented the Class Products, Plaintiff and Class Members would not have purchased them from Defendant. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

85.     These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code § 17200, *et seq.*

86.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code § 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.     Certification of this claim as a class action and appointment of Plaintiff as class representative and his attorneys as class counsel;
B.     Actual damages;
C.     Statutory damages;
D.     Costs and reasonable attorney's fees; and
E.     For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750, *et seq.*)

87.     Plaintiff incorporates by reference each allegation set forth above.

88.     Defendant's actions as detailed above constitute multiple violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a) to the extent that Defendant violated the following provisions of the CLRA:

a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. Cal. Civ. Code § 1770(a)(5);

b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code § 1770(a)(7);

c. Advertising goods or services with intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(9);

d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. Cal. Civ. Code § 1770(a)(14); and

e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Cal. Civ. Code § 1770(a)(16).

89.     On or about January 10, 2023, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant. This letter is attached hereto as Exhibit A.

90.     The venue affidavit required by Cal. Civ. Code § 1780(d) is attached as Exhibit B to this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.      Injunctive relief for Defendant's violations of the CLRA as alleged herein.

///

///

CLASS ACTION COMPLAINT

**REQUEST FOR JURY TRIAL**

91.    Plaintiff requests a trial by jury as to all claims so triable.

Dated:  January 13, 2023              Respectfully submitted,

                                      LAW OFFICES OF TODD M. FRIEDMAN, PC


                                By: _____
                                      Todd M. Friedman, Esq.
                                      Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

CLASS ACTION COMPLAINT

# LAW OFFICES OF TODD M. FRIEDMAN, P.C.
### ATTORNEYS FOR CONSUMERS
21031 VENTURA BLVD, SUITE 340
WOODLAND HILLS, CA 91364
323-306-4234 PHONE
866-633-0228 FACSIMILE
CALIFORNIA OFFICE
WWW.TODDFLAW.COM

E-MAIL: TFRIEDMAN@TODDFLAW.COM

WRITER LICENSED IN:
CALIFORNIA
PENNSYLVANIA
ILLINOIS

January 13, 2023

**Via Certified U.S. Mail**
**Delta Air Lines, Inc.**
**Attn: Legal Dept.**
**1030 Delta Blvd., Dept. 982**
**Atlanta, GA 30354**

**Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152 and**
**Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§ 1782(a)(2)**

Re: *Sumin Bae*

To Whom It May Concern:

Please be advised that our office represents Sumin Bae ("Plaintiff"), and other similarly situated individuals, in pursuing class action wide legal claims against Delta Air Lines, Inc. ("Defendant") for violations of the Consumer Legal Remedies Act ("CLRA"), California Business & Professions Code § 17200 ("UCL"), and California Business & Professions Code § 17500 ("FAL").

Having been formally notified of our representation, we respectfully demand you not contact our clients for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

1

## Facts

During or about 2022, Plaintiff saw an advertisement for Defendant's Medallion program, which provides customers with first-class upgrades depending on the customer's Medallion status. Plaintiff was interested in the program because the advertisement stated that Medallion Members could upgrade earlier and would be given priority for seating upgrades. Plaintiff further observed that the advertisement included a graph depicting how early a customer could upgrade depending on their Medallion status. For instance, Gold Medallion Members could upgrade to first-class up to 72 hours prior to departure time. Plaintiff was interested in these benefits and obtained an American Express Delta Reserve credit card to start earning points toward his medallion status. Plaintiff proceeded to spend over $99,000 to achieve Gold Medallion status.

After Plaintiff became a Gold Medallion Member, he booked a flight to Raleigh, North Carolina for himself and his wife departing on December 15, 2022. Three days before the flight, Plaintiff observed that seven first-class seats remained open. Plaintiff requested to be upgraded to first class based on his Gold Medallion status. Defendant's representative told Plaintiff that there were no remaining slots for complimentary upgrades. Defendant's representative acknowledged that there were still open seats, but those seats were being held to be sold. Plaintiff was confused by this, as he had obtained Gold Medallion status for this exact reason only to be told that he could not actually upgrade 72 hours prior to departure.

Defendant's representative then told Plaintiff that he could not be upgraded because Defendant had limited slots for complimentary upgrades and "cannot afford to provide free upgrades for all of our members." Plaintiff was unaware of that caveat at the time he decided to pursue the Gold Medallion status and he did not observe any disclaimer or qualifying language in Defendant's advertisement. Plaintiff spent a considerable amount of money obtaining what he believed to be a worthwhile benefit, when in fact the benefit was far less valuable than represented.

Plaintiff has been harmed as an actual and proximate result of Defendant's omissions and deception, and he therefore requests recompense as stated in this letter.

## CLRA (Cal. Civ. Code § 1750 *et seq.*) Violations

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. Cal. Civ. Code § 1770(a)(5);

2. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code § 1770(a)(7);

2

3. Advertising goods or services with intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(9);

4. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. Cal. Civ. Code § 1770(a)(14);

5. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Cal. Civ. Code § 1770(a)(16).

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages, civil penalties, and reasonably attorney's fees and costs. Cal. Civ. Code §§ 1780, *et seq.*

By engaging in the conduct detailed above, Defendant violated Sections 1770(a)(5), (7), (9), (14), and (16) of the CLRA, thereby entitling Plaintiff to attorney's fees and costs, and actual and punitive damages.

## Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)

The Unfair Competition Law, Cal. Bus. & Prof. C. § 17200 prohibits unlawful, unfair or fraudulent business acts or practices. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. Cal. Bus. & Prof. Code § 4381(b)-(c).

Defendant engaged in fraudulent, unfair and unlawful business practices through its conduct and violated the UCL. As detailed above, Defendant made representations and omitted material facts to Plaintiff, and this amounts to fraudulent and unfair business practices. Further, as noted above, Defendant violated the CLRA, thus engaging in unlawful business practices. Defendant's conduct, as detailed above, violates numerous provisions of the CLRA; consequently, said conduct constitutes unlawful business practices. Defendant's conduct entitles Plaintiff to restitution and injunctive relief.

## False Advertising Law (Cal. Bus. & Prof. Code § 17500)

The False Advertising Law, Cal. Bus. & Prof. C. § 17500 prohibits engaging in advertising "which is untrue or misleading, and which is known, or which by exercise of reasonable care should be known, to be untrue or misleading." Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. Cal. Bus. & Prof. Code § 4381(b)-(c).

As detailed above, Defendant engaged in untrue and misleading advertising that violated the FAL. Defendant made and advertised misrepresentations as to the nature of its services that it had no intention of honoring. Defendant's conduct entitles Plaintiffs to restitution and injunctive relief.

**Class Potential**

   At this stage, Defendant's fraudulent and deceptive business practices, and violations of California law, have impacted thousands of consumers throughout the state of California and/or the nation. Thus, we anticipate either a state and/or nation-wide class of thousands of consumers whom Sumin Bae will more than adequately represent. The conduct detailed above is systematic in nature. Thus, certifying a class will be very straightforward. Upon certifying a class, we will seek not only actual damages, but punitive damages and statutory damages, in addition to attorney's fees and costs. Defendant is facing seven-figure liability, at the very least.


Best regards,


Todd M. Friedman, Esq.
Attorney at Law

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT B

CLASS ACTION COMPLAINT

DocuSign Envelope ID: A16A0AB3-40CE-42AE-8715-07B418469C7E

1  Todd M. Friedman (216752)
2  Adrian R. Bacon (280332)
   Law Offices of Todd M. Friedman, P.C.
3  21031 Ventura Blvd., Suite 340
   Woodland Hills, CA 91364
4  Phone: 323-306-4234
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8                    **FOR THE COUNTY OF LOS ANGELES**
                          **UNLIMITED JURISDICTION**
9

10  SUMIN BAE, individually, and on behalf of        )    **Case No.:**
    all others similarly situated,                   )
11                                                    )
                      Plaintiff,                      )
12                                                    )    **PLAINTIFF'S AFFIDAVIT OF VENUE**
           vs.                                        )    **PURSUANT TO CONSUMER LEGAL**
13                                                    )    **REMEDIES ACT**
    DELTA AIR LINES, INC; and DOES 1-10              )
14  inclusive,                                        )
                                                      )
15                    Defendant.                      )
                                                      )
16                                                    )
                                                      )
17                                                    )

18  I, SUMIN BAE, declare and state as follows:

19     1.  I am the plaintiff in this matter, and specifically have brought a claim for Violations of

20         the Consumer Legal Remedies Act.

21     2.  The defendant to this cause of action, DELTA AIRLINES INC.; ("Defendant"), was

22         doing business in Los Angeles County California, namely, by offering a credit card points
23
           based membership program representing that members could upgrade to first class
24

25         72 hours prior to their flight's departure time.

26     3.  The transaction which are the subject of the cause of action as set forth in the Complaint,

27         occurred in Los Angeles County.

28

---

                                    - 1 -

                   **PLAINTIFF'S AFFIDAVIT OF VENUE**

DocuSign Envelope ID: A16A0AB3-40CE-42AE-8715-07B418469C7E

4.  I am a citizen and resident of the State of California, Los Angeles County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____1/13/2023_____, at Los Angeles, California.
                        Date

SUMIN BAE

---

- 2

**PLAINTIFF'S AFFIDAVIT OF VENUE**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2023 12:27 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

23STCV00779

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Todd M. Friedman, SBN 216752, Law Offices of Todd M. Friedman, P.C.<br>21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364<br><br>TELEPHONE NO.: 323-306-4234     FAX NO. *(Optional):* 866-633-0228<br>E-MAIL ADDRESS: tfriedman@toddflaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Sumin Bae | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Sumin Bae v. Delta Air Lines, Inc. et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter     [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23STCV00779<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify):* 3
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 01/13/2023
Todd M. Friedman

► _____

(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT-TITLE | CASE NUMBER |
|---|---|
| Sumin Bae v Delta Air Lines, Inc. et al | 23STCV00779 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| A<br>Civil Case Cover Sheet<br>Case Type | | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | | |
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT-TITLE | CASE NUMBER |
|---|---|
| Sumin Bae v Delta Air Lines, Inc. et al | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| | **Personal Injury Cases Assigned to the Independent Calendar Courts** | | |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| | **Other Civil Cases Assigned to Independent Calendar Courts** | | |
| **Non-Personal Injury/Property Damage /Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT-TITLE | CASE NUMBER |
|---|---|
| Sumin Bae v Delta Air Lines, Inc. et al | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                     Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT-TITLE | CASE NUMBER |
|---|---|
| Sumin Bae v Delta Air Lines, Inc. et al | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT·TITLE | CASE NUMBER |
|---|---|
| Sumin Bae v Delta Air Lines, Inc. et al | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Miscellaneous Civil Petitions** | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address, which is the basis for the filing location including zip code.  (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |
| CITY:       STATE:       ZIP CODE: | |

**Step 5: Certification of Assignment:**  I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>01/13/2023</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7.  Additional copies of documents to be conformed by the Clerk.  Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**01/13/2023**<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ G. Carini _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV00779 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | William F. Highberger | 10 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record          David W. Slayton, Executive Officer / Clerk of Court

on 01/13/2023 _____          By G. Carini _____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

### INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

#### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

#### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

#### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

#### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

#### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> ) <br> _____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i)    Depositions;

ii)   Declarations;

iii)  Exhibits (including exhibits to declarations);

iv)   Transcripts (including excerpts within transcripts);

v)    Points and Authorities;

vi)   Citations; and

vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations
   to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
   cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may
offer online mediation by video conference for cases they accept. Before contacting these organizations,
review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small
claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
   should carefully review the Notice and other information they may receive about (ODR)
   requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's
decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a
trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close
to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement
officer who does not make a decision but who instead assists the parties in evaluating the strengths and
weaknesses of the case and in negotiating a settlement. For information about the Court's MSC
programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):
FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    <span>(INSERT DATE)</span>                        <span>(INSERT DATE)</span>
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)
Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print      Save      Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

[ Print ]     [ Save ]                    [ Clear ]

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re        )
Use of Voluntary Efficient Litigation )
Stipulations                )
                                )
                                )

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

      Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

      Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_   _(signature)_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)